IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY CATHEY, | : CIVIL ACTION |
| [EK-1559]       Petitioner | : |
|  | : |
| V. | : |
|  | : |
| EDWARD KLEM, et al., | : NO. 06-CV-3384 |
| Respondents | : |

REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                                                 May 7, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institute ["SCI"] Mahanoy, Pennsylvania, where he is serving an aggregate sentence of 19 to 38 years imprisonment for robbery, aggravated assault, carrying a firearm without a license, and related offenses.

## BACKGROUND[1]

On December 9, 1999, [at] approximately 2:00 A.M., complainant Falish House, along with two other female employees at Jerry's Bar, were confronted by [Petitioner] with a gun demanding money. When the complainants explained that they had no money, [Petitioner] demanded that he be taken to the safe. On the way to the safe, one of the complainants escaped. When [Petitioner] learned that the safe was welded to the floor and could not be moved, he struck complainant, House, on her head with his gun demanding "give me what you got." In response, complainant House gave her cell phone to the [Petitioner].

Philadelphia Police Officers Dillard and Lloyd were traveling in the area of the Bar when civilians notified them that a robbery was in progress. The officers observed [Petitioner] run out of the bar and chased him until he ended up in a dead-end alley hiding behind a chimney. A struggle ensued when an attempt was made to arrest [Petitioner], who stated "you're going to have to f_cking kill me," while pulling and attempting to fire his weapon. As backup officers arrived on the scene, the encounter escalated with [Petitioner] repeatedly stating that he would

---

[1] The facts in this discussion have been taken from Mr. Cathey's habeas petition, memorandum of law (with exhibits), the Respondents' Response (with exhibits), Petitioner's traverse, and the state court record.

2

>come out of the alleyway.  However, instead of surrendering, [Petitioner] went through the routine of trying to make his weapon operable, racking it and trying to fire on the officers again.  In response to [Petitioner's] actions, the police fired rounds into the alley.
>
>The standoff ended when [Petitioner] threw his weapon out and was arrested.  Complainant House's cell phone was recovered from [Petitioner's] jacket.  [Petitioner] made a statement to Detective Schill admitting to the robbery and other pertinent details regarding the incident.

*Respondents' Response* [Docket Entry #7]:  Exhibit A (Superior Court Opinion dated April 11, 2002) at pp. 1-2.

Larry Cathey, Petitioner, was charged with robbery, aggravated assault, various violations of the Uniform Firearms Act, and related offenses. *Respondents' Response*:  Exhibit B (Superior Court Opinion dated November 29, 2005) at p. 3.

On July 3, 2000, at the conclusion of a bench trial before the Honorable Gwendolyn N. Bright of the Philadelphia Court of Common Pleas, Petitioner was found guilty of three (3) counts of robbery, four (4) counts of aggravated assault, two (2) counts of carrying a firearm without a license, one (1) count of carrying a firearm on the public streets, and two (2) counts of possessing an instrument of crime.  *Respondents' Response*: Exhibit A at p. 2.  Petitioner was sentenced on September 7, 2000 to an aggregate term of 19 to 38 years imprisonment.  *Respondents' Response* at Exhibit B, p. 3.  Petitioner's post-trial motions were denied on January 10, 2001.

Mr. Cathey was appointed counsel for his direct appeal, which was filed in the Pennsylvania Superior Court on January 19, 2001.  Petitioner raised the following issues for review:

1) Did the suppression court err when it denied [Petitioner's] Motion to Suppress his incriminating statement when [Petitioner] was so intoxicated by alcohol and drugs as to render his statement involuntary?
2) Did the trial court err in finding [Petitioner] guilty of aggravated assault graded as a felony in the 1st degree for his actions toward police officer Dillard when the Commonwealth did not show specific intent to cause bodily injury which would cause the evidence to be insufficient?

*Id.* at pp. 3-4.

The Superior Court affirmed Petitioner's convictions on April 11, 2002. On August 15, 2002, the Pennsylvania Supreme Court denied Mr. Cathey's petition for allowance of appeal. *Commonwealth v. Cathey*, 806 A.2d 857 (Table); *Respondents' Response*: Exhibit B at p. 4.

Mr. Cathey filed a timely *pro se* PCRA[2] petition for collateral review on November 29, 2002, and then an amended petition on April 7, 2003. The court appointed counsel who filed an amended PCRA petition on behalf of Mr. Cathey on June 5, 2003. In the amended PCRA petition, Mr. Cathey alleged that trial counsel provided ineffective assistance by not objecting to the sentencing court's failure to make an on-the-record statement regarding its reasons for the sentence imposed, for failing to file a motion to reconsider the sentence, and for failing to challenge the weight of the evidence. The PCRA court dismissed Mr. Cathey's petition on June 2, 2004. *Id.* at pp. 4-5.

Petitioner filed an appeal in the Pennsylvania Superior Court, in which he raised the following issues:

1) Whether the judge was in error in denying [Petitioner's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition?
2) Whether the judge was in error in not granting post-conviction relief because all prior counsel rendered ineffective assistance for failing to object to the imposition of multiple sentences for a single act?
3) Whether the judge was in error in not granting post-conviction relief

---

[2] Post Conviction Relief Act, 42 Pa.C.S.A. §§9541-9546.

>   because all prior counsel rendered ineffective assistance for failing to object when the court failed to merge robbery and simple assault?
> 4) Whether the judge was in error in not granting post-conviction relief because all prior counsel rendered ineffective assistance by failing to object to the introduction of hearsay evidence?
> 5) Whether the judge was in error in not granting post-conviction relief because all prior counsel rendered ineffective assistance by failing to object to the trial court's failure to impose a sentence within the guidelines?

*Id.* at pp. 5-6.

Petitioner's dismissal was affirmed on November 29, 2005, and Mr. Cathey did not seek discretionary review in the Pennsylvania Supreme Court.

On July 17, 2006, Mr. Cathey signed and dated the instant *pro se* petition for federal habeas corpus relief.[3] He raises the following two grounds for review:

> 1) Petitioner's confession was obtained and introduced at trial in violation of his fifth and fourteenth Amendments;
> 2) The evidence is insufficient to sustain the convictions for aggravated assault.

*Habeas Petition* [Docket Entry #1] at p. 9.

Respondents filed a Response, addressing Petitioner's arguments on the merits and requesting that habeas relief be denied.

---

[3] For purposes of this Report & Recommendation, under the prison mailbox rule, I will accept July 17, 2006, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

DISCUSSION

**Merits**

Because Mr. Cathey's habeas petition was timely filed and all grounds for review were sufficiently exhausted in the Pennsylvania Courts, his claims shall now be addressed on the merits.

*A. Habeas Standard of Review*

Because Mr. Cathey's habeas petition was filed after the effective date of AEDPA, the amended habeas standards apply to his habeas claims. AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

28 U.S.C. §2254(d)(Supp. 1998).

"'[C]learly established Federal law' under §2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at p. 73 (2003)(*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

*Id.* at 75 (2003)(*quoting Williams v. Taylor*, 529 U.S. 409-413 (2000)).

With respect to §2254(d)(2), the burden is on the petitioner to establish that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *Campbell v. Vaughn*, 209 F.3d 280, 290-91 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

> "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Yet "deference" does not imply abandonment or abdication of judicial review. In other words, "[d]eference does not by definition preclude relief."

*Lambert v. Blackwell*, 387 F.3d 210, 234-235 (3d Cir. 2004)(*quoting Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)), *cert. denied*, 125 S.Ct. 2516 (2005).

In *Lambert*, the Third Circuit noted that the relationship between the reasonableness determination under 28 U.S.C. §2254(d)(2) and the presumption of correctness under 28 U.S.C. §2254(e)(1) "remains unclear." The *Lambert* Court provided the following principles:

> [T]he language of §2254(d)(2) and §2254(e)(1) implies an important decision: §2254(d)(2)'s reasonableness determination turns on a consideration of the totality of the "evidence presented in the state-court proceeding," while §2254(e)(1) contemplates a challenge to the state court's individual factual determinations, including a challenge based wholly or in part on evidence outside of the state trial record. [citations omitted] We therefore read §2254(d)(2) and §2254(e)(1) together as addressing two somewhat different inquiries. The fundamental prerequisites to granting a writ on factual grounds is consideration of the

7

> evidence relied upon in the state court proceeding. Section 2254(d)(2) mandates the federal habeas court to assess whether the state court's determination was reasonable or unreasonable given that evidence. If the state court's determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted.
>
> Within this overarching standard, of course, a petitioner may attack specific factual determinations that were made by the state court, and that are subsidiary to the ultimate decision. Here, section 2254(e)(1) comes into play, instructing that the state court's determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence. In this inquiry, a petitioner may develop clear and convincing evidence by way of a hearing in federal court as long as he satisfies the necessary prerequisites. *See* 28 U.S.C. §2254(e)(2). In the final analysis, however, even if a state court's individual factual determinations are overturned, what factual findings remain to support the state court decision must still be weighed under the overarching standard of section 2254(d)(2).

*Id.* at pp. 235-236 (3d Cir. 2004).

Two points are paramount under AEDPA's factual review provisions: (1) the state court findings are entitled to "considerable deference" and (2) before a writ of habeas corpus can be granted, the petitioner must show an unreasonable determination – under (d)(2) – in light of the entire record in the original state court trial. *Id.* at p. 236 (3d Cir. 2004).

### B. *Petitioner is Not Entitled to Habeas Relief on his Miranda Claim*

In his first habeas claim, Petitioner argues that his confession was obtained and introduced at trial in violation of his Miranda rights. According to Petitioner, his Miranda waiver was given involuntarily and unknowingly due to his drug and alcohol intoxication at the time. *Habeas Petition* at p. 9.

> *1. The State Law Applied by the Superior Court is Not Contrary to United States Supreme Court Precedent.*

8

Under the landmark holding of *Miranda v. Arizona*, 384, U.S. 436, 886 S.Ct. 1602 (1966), a defendant may waive his rights under *Miranda* as long as the waiver is given "voluntarily, knowingly, and intelligently." The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice, rather than intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412 (1986). Also, to be a valid, the "waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *U.S. v. Siraj*, 424 F.Supp.2d 509, 515 (E.D.N.Y. 2006)(*citing Moran, supra*). If the totality of the circumstances surrounding the interrogation demonstrates that the defendant had the required level of comprehension, a court may properly conclude that the waiver was knowing and intelligent. *Id.*

While the ultimate issue of whether a *Miranda* waiver is constitutionally valid is a question of law requiring independent federal determination, factual questions decided by the state court in determining whether a confession was given voluntarily, knowingly, and intelligently, such as what effect drug and alcohol intoxication had on the defendant, are entitled to a presumption of correctness in federal habeas review. *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445 (1985). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1).

In deciding this claim, the Superior Court applied the following Pennsylvania state law:

> In determining whether a defendant's confession should be suppressed, the most important inquiry the suppression court must make is whether the confession was voluntary, 'determined from a totality of the

9

circumstances surrounding the confession.'  *Commonwealth v. DiStefano*, 782 A.2d 574, 581 (Pa.Super. 2001).

*Respondents' Response* at Exhibit A (Superior Court Opinion dated April 11, 2002), p. 3.

The state law on whether to suppress a confession given subject to *Miranda*, which was applied by the Superior Court on direct appeal, is consistent with established federal law.  Habeas relief is not warranted for this claim.

2. *The Superior Court's Decision on Petitioner's Miranda Claim Did Not Result in an Outcome That Cannot be Reasonably Justified Under Controlling Federal Law, and Was Not Based on an Unreasonable Determination of the Facts.*

The Superior Court concluded that Petitioner had presented no evidence demonstrating that he was so intoxicated as to interfere with his ability to understand his waiver and render his statements involuntary.  *Id.*  The suppression court's key findings of fact, as accepted and adopted by the Superior Court, include:

a) that Petitioner was read his *Miranda* rights before being questioned by officers,

b) Officer Schill testified that throughout the interview, Petitioner "appeared to understand everything,"

c) Petitioner "admitted that he had been consuming drugs and alcohol several hours before being questioned, but that the drugs and alcohol were not affecting his ability to understand the proceedings,"

d) Petitioner "passed a balance test administered by the officer and was able to provide biographical information without any difficulty," and

e) after giving his statement to police, Petitioner read a copy of the statement, made several typographical corrections which he initialed, and then signed the statement.  *Id.*

These findings of fact are supported by the record and are entitled to a presumption of correctness. Petitioner has failed to present clear and convincing evidence sufficient to rebut this presumption.

The question of whether a *Miranda* wavier is constitutionally valid is ultimately a question of law that is subject to an independent determination by this Court. I have reviewed the state court record and concluded that the evidence is sufficient to support a finding that despite Petitioner's voluntary intoxication several hours earlier, his *Miranda* waiver prior to questioning was made voluntarily and knowingly. The interviewing officers were thorough in ensuring that Mr. Cathey understood his rights and was aware of the consequences of waiving those rights. The evidence further demonstrates that Mr. Cathey was aware of the interview taking place and in complete control of his actions in giving his statement.

Petitioner offers only bald assertions that based solely on the fact that he had taken the intoxicants earlier, that he was still under the influence to the extent that he was unable to give a valid waiver of his rights. Based on the record, I cannot conclude that this is the case. Petitioner's actions while being read his rights and during the interview process suggest that he made a constitutionally valid waiver of his rights.

The Superior Court's finding that Mr. Cathey's confession was given voluntarily and knowingly was neither "contrary to" nor an "unreasonable application of, clearly established Federal law" and is not "based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. §2254(d)(1), (2). Petitioner is not entitled to habeas relief on this claim.

### C. Petitioner is Not Entitled to Habeas Relief on his Claim of Insufficiency of the Evidence

11

As his second habeas claim, Petitioner asserts that the evidence at trial was insufficient to support his conviction of aggravated assault. *Habeas Petition* at p. 9. He contends that the testimony and physical evidence presented at trial specifically contradicts the accusation that he specifically intended or attempted to cause bodily injury to the police officers attempting to arrest him. *Habeas Petition*: Memo in Support at pp. 9-16.

*1. The State Law Applied by the Superior Court is Not Contrary to United States Supreme Court Precedent.*

A federal habeas court faced with an issue concerning the sufficiency of the evidence supporting a conviction in the state court is not required to reevaluate the evidence for a determination of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). "Federal courts are not forums in which to re-litigate state trials." *Barefoot v. Estelle*, 463 U.S. 72, 90 (1977). It is the responsibility of a federal habeas court to "ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993), *rehearing denied*, 507 U.S. 1001 (1993).

The Supreme Court has instructed that the proper inquiry to be made is whether or not a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 401. In essence, the *Jackson* test does not require the federal habeas court to determine the correctness of the verdict, but to determine whether or not the verdict was rational, considering the evidence of record in the light most favorable to the prosecution. *Herrera*, 506 U.S. at 402.

Under the AEDPA, a federal reviewing court applies a presumption of validity to the factual findings of the state courts. *Steven v. Delaware Corr. Ctr.*, 295 F.3d 361, 368 (3d Cir. 2002)(*citing* 28 U.S.C. §2254(d)). Such a presumption can only be overcome by a showing of clear and convincing evidence in the record demonstrating the contrary. *Id.* The Third Circuit has noted that in order to apply the *Jackson* test, the federal habeas court must look to the evidence which the state courts considered to be sufficient to meet the elements of a crime governed by state law. *Jackson v. Byrd*, 105 F.3d 145, 149 (3d Cir.), *cert. denied*, 520 U.S. 1268 (1997).

On direct appeal, the Superior Court applied the Pennsylvania law for sufficiency of the evidence. The Superior Court noted that under state law:

> When reviewing the sufficiency of the evidence, this Court must "view the evidence … in the light most favorable to the Commonwealth, as the verdict winner, to determine whether the jury could have found that every element of the offense was proven beyond a reasonable doubt." *Commonwealth v. Conaway*, 2002 WL 47837, *3 (Pa. Super. January 15, 2002).

*Respondents' Response* at Exhibit A, p. 4.

The legal standards applied by the Superior Court to Petitioner's challenge to the sufficiency of the evidence are consistent with federal laws established by the United States Supreme Court.

 *2. The Superior Court's Decision on Petitioner's Sufficiency of the Evidence Claim Did Not Result in an Outcome That Cannot be Reasonably Justified Under Controlling Federal Law, and Was Not Based on an Unreasonable Determination of the Facts.*

 The Superior Court cited *Commonwealth v. Schwenk*, 777 A.2d 1149, 1152 (Pa. Super. 2001), in setting forth the elements of aggravated assault. A person is guilty of aggravated assault if he "attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to [a police officer], while in the performance of duty." *Id.*

 Viewing the evidence, direct and circumstantial, in the light most favorable to the Commonwealth as verdict winner, the Superior Court determined that the jury could have found, beyond a reasonable doubt, that Mr. Cathey had the specific intent to cause, or attempt to cause, serious bodily injury to a police officer when he pointed his gun at the police officers and attempted to fire the weapon. In support of this conclusion, the Superior Court pointed to evidence, presented by the Commonwealth, that the arresting officer identified himself as a police officer and ordered Mr. Cathey to stop. A brief struggle ensued, and Petitioner attempted to pull out a gun, at which point Officer Dillard retreated. Officers then witnessed Mr. Cathey point his gun at officers numerous times and attempt to fire the weapon. The Superior Court found that these actions amounted to an attempt to cause serious bodily injury to a police officer.

 I have independently reviewed the record, adopted the Superior Court's findings of the evidence presented at trial, viewed in the light most favorable to the Commonwealth, and applied a presumption of validity to these factual findings. Petitioner has failed to present clear and convincing evidence to contradict these findings of fact. The Superior Court's rejection of Mr. Cathey's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, clearly established

federal law.  In addition, the Superior Court's determination that the evidence was sufficient to establish that Mr. Cathey had the requisite specific intent to cause, or attempt to cause, serious bodily injury to a police officer, is objectively reasonable. Petitioner is not entitled to relief on his second habeas claim.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that Mr. Cathey's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING.  It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:


_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE