IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY CATHEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD KLEM, et al. | : | NO. 06-3384 |

**O R D E R**

**AND NOW,** this 2nd day of July, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Faith M. Angell is **APPROVED** and **ADOPTED** insofar as it addresses Petitioner's claims that his confession was obtained and introduced into evidence at trial in violation of his Miranda rights (Ground 1), and that the evidence at trial was insufficient to support his conviction of aggravated assault (Ground 2);[1]

2. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus with respect to Grounds 1 and 2 is **DENIED**;

3. Petitioner's Objections to the Report and Recommendation with respect to the Magistrate Judge's resolution of his claim that he is confined under an unlawful

---

[1] Petitioner has not filed any Objections with respect to the Magistrate Judge's resolution of the first and second grounds on which Petitioner claims he is being held unlawfully.

        sentence in violation of the 14th Amendment (Ground 3) are **SUSTAINED**;[2]

4.       The Petition for a Writ of Habeas Corpus with respect to Ground 3 is **DENIED**;[3]

---

[2] Petitioner objects to the fact that the Magistrate Judge's Report and Recommendation does not include a report and recommendation with respect to Ground 3 of his Petition. We find that the Magistrate Judge failed to address the Petitioner's third ground for habeas relief.

[3] The instant Petition for Writ of Habeas Corpus was filed on July 17, 2006. In their Response filed on November 29, 2006, Respondents remarked that Petitioner had erroneously stated in the petition that his aggregate sentence was 19 to 38 years, and not, as the Respondents calculated, 12 to 24 years. (Response to Pet. for Writ of Habeas Corpus at 3 n.1). Upon receiving this response, Petitioner then filed a Motion for Leave to Amend, which was subsequently granted by Magistrate Judge Angell on December 21, 2006. In his amended petition, Petitioner added a third ground to his petition, claiming that he is confined under an unlawful sentence in violation of the Fourteenth Amendment to the United States Constitution. (Amend. to Habeas Corpus Pet. at 1). Respondents filed a Response to the Motion for Leave to Amend in which they represented that they had erroneously asserted in their previous response that Petitioner's aggregate sentence is 12 to 24 years imprisonment, when in fact the correct aggregate sentence is 19 to 38 years.

    The confusion as to the aggregate sentence appears to be the result of a discrepancy between the trial judge's oral pronouncement of sentence and the written record of the sentencing. During sentencing, Judge Gwendolyn N. Bright orally pronounced Petitioner's sentence for numerous charges. (Commonwealth v. Cathey, CP 0003-0687, Transcript of Sentencing at 25-28, Trial Vol. 1, Sept. 7, 2000). She stated the length of imprisonment for each charge and whether the sentence was consecutive or concurrent, and then announced that the aggregate sentence was 12 to 24 years. (Id.) However, the total aggregate sentence indicated on the written records of the court is 19 to 38 years for the various charges. Petitioner also notes in his brief that the Record Office at S.C.I. Mahoney has advised him that he is serving a 19 to 38 year term of imprisonment.

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may consider a habeas petition filed by a state prisoner only "on the grounds that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b). O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999). A petitioner's failure to exhaust remedies will be excused if state procedural rules prevent him from seeking further relief in state courts. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). Although deemed exhausted, such claims are nonetheless procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991). A federal court cannot review a habeas petition that is procedurally defaulted unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

    Petitioner did not fairly present this claim before the state court. However, Petitioner cannot present such a claim under the Pennsylvania Post Conviction Relief Act ("PCRA") as the time for

5. As Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2); and

6. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

s/ John R. Padova, J.
John R. Padova, J.

---

filing such a claim has expired. See 42 Pa.C.S.A. § 9545(b) (stating that any petition under the PCRA must be filed within one year of when the date of judgment becomes final, unless the facts were unknown to the petitioner, in which case the petition must be filed within 60 days of the date the claim could have been presented). Petitioner's claim is, thus, procedurally defaulted. Assuming arguendo, that Petitioner can prove cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, Petitioner's claim has no merit. Under Pennsylvania law, when there are disparities between the sentence as orally pronounced and the written sentence, the written sentence controls. See Commonwealth v. Isabell, 467 A.2d 1287, 1293 (Pa. 1983) (holding that generally the signed sentencing order controls over oral statements); Commonwealth v. Gordon, 897 A.2d 504, 507 n.7 (Pa. Super. 2006) (stating that the written sentence always controls where there is a discrepancy between the written sentence and the oral sentence); Commonwealth v. Fleming, 480 A.2d 1214, 1223 (Pa. Super. 1984) (stating that "in sentencing the controlling record is the endorsement of the sentence upon the back of the Indictment or Information" and that the sentenced recorded on the indictments always controls); Commonwealth ex rel. Middleton v. Banmiller, 169 A.2d 343, 345 (Pa. Super. 1961) (stating that "[t]he pronounced sentence as recorded on the indictments always controls"); see also Commonwealth ex rel. Marelia v. Hill, 110 A.2d 832, 833 (Pa. Super. 1955) ("Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are not part of the judgment of sentence.") The record before us includes the written record of the court's sentence in addition to the oral sentence given by Judge Bright. The written record reflects that Petitioner was sentenced to the following: 7 to 14 years on bill 1; 5 to 10 years on bill 2 consecutive to bill 1; 5 to 10 years on bill 10 concurrent to bill 2 but consecutive to bill 1; 7 to 14 years on bill 17 consecutive to bill 10; 7 to 14 years on bill 24 concurrent to bill 17; 7 to 14 years on bill 33 concurrent to bill 24; 7 to 14 years on bill 40 concurrent with bill 33; and 7 to 14 years on bill 47 concurrent to bill 40. The written record of sentence, therefore, indicates that Petitioner's aggregate sentence is 19 to 38 years, not the aggregate sentence of 12 to 24 years stated orally by Judge Bright at sentencing. The written record controls, and consequently, Petitioner's claim that he is confined pursuant to an unlawful sentence is without merit.

3